# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200  Fax: (718) 855-0760

*David E. Patton*
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

April 7, 2014

**By ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

Re:     **United States v. Sherman Barro**
         **12-CR-160 (NGG/LB)**

Your Honor:

Please accept this letter as Mr. Barro's motion to dismiss the indictment for violation of his rights under the Speedy Trial Act.

***

The indictment should be dismissed for violation of Mr. Barro's rights under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, because trial has not commenced within 70 non-excludable days after Mr. Barro's initial appearance.  Specifically, and as the government conceded at the February 26th status conference, there has been no excludable time in this case since August 2, 2013, when the Court issued a written decision denying Mr. Barro's motion to suppress.  As this period alone amounts to 188 days, the indictment must be dismissed.  And for the reasons set forth below, the dismissal should be with prejudice.

The Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Failure to bring the defendant to trial by the Act's 70 day deadline "entitles him to dismissal of the charges."  *Bloate v. United States*, 559 U.S. 196, 199 (2010); *see* 18

U.S.C. § 3162(a)(2).

The 70-day speedy trial period in this case commenced on March 10, 2012, the day after Mr. Barro first appeared on the indictment and pled not guilty. (*See* Docket Entry No. 8); *United States v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985) (statutory period begins "only after an appearance at which a not guilty plea has been entered"). Speedy trial time was excluded on consent a number of times for plea negotiations, resulting in the exclusion of time until September 27, 2012. An additional exclusion, to November 9, 2012, was necessitated due to Mr. Barro's intervening incarceration in State custody based on a violation of probation sentence which prevented him from appearing on this matter.

On November 9, 2012, a motion schedule was set, and time was excluded from that date to December 21, 2012 (Docket Entry No. 20). Mr. Barro's pretrial motion to suppress was thereafter referred to Magistrate Judge Bloom for an evidentiary hearing, which was followed by post-hearing briefing on the motion and then on the government's ensuing objections to the Magistrate Judge's Report and Recommendation. (*See* Docket Entries 19, 21, 23-26, 29, 34-38, 43, 46-48). The defense would concede that the time from the scheduling and filing of Mr. Barro's pretrial motion to suppress "through the conclusion of the hearing" on that motion, *i.e.*, when the last post-hearing brief was filed, on April 23, 2013, should be excluded from speedy trial calculations under 18 U.S.C. §3161(h)(1)(D). *See Henderson v. United States*, 476 U.S. 321, 331 (1986) (holding that this provision "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for a proper disposition of the motion").

On June 19, 2013, the Court heard oral argument on the government's objections to the Report and Recommendation, and reserved decision. (Docket Entry No. 50). On August 2, 2013, the Court issued a Memorandum and Order sustaining the government's objection and denying Mr. Barro's motion to suppress. (Docket Entry No. 52). No further time was excluded and no proceedings held until February 26, 2014, when the Court ordered a status conference. (Docket Entry No. 53). As the government then informed the Court, it would concede violation of the Speedy Trial Act, since there was no excludable time from August 2, 2013, a period plainly in excess of the 70-day speedy trial period.[1] In light of this straightforward and non-contested violation of Mr. Barro's speedy trial rights, dismissal of the indictment is mandatory. *See* 18 U.S.C. § 3162(a)(2). For the reasons set forth below, dismissal should be with prejudice.

---

[1]    At the status conference, defense counsel informed the Court that the defense was asking the government to offer Mr. Barro a plea agreement to a non-aggravated felony offense in consideration of the   speedy trial violation. The government agreed to consider this request and relay it to its upper management, and time was excluded for plea negotiations. The government subsequently declined to make such a plea offer, but offered Mr. Barro a new bump-down plea agreement which was to expire on March 27, 2014.

In deciding whether to dismiss with prejudice, the Act requires that the Court consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). The Court should also consider the prejudice to Mr. Barro. *See United States v. Taylor*, 487 U.S. 326, 334 (1988). Each of these factors cuts against permitting the government to reindict this case notwithstanding the violation of Mr. Barro's right to a speedy trial.

First, while importation of a controlled substance is no trivial offense, Mr. Barro is charged only with being a low-level offender whose involvement was limited to smuggling and did not use violence or weapons in connection with the drug offense. *See United States v. Caparella*, 716 F.2d 976, 981 (2d Cir. 1983) (holding that dismissal for Speedy Trial Act violation should have been with prejudice in part because felony mail theft is not a "serious" crime "absent exaggerating circumstances such as violence"). As evinced by its recent press release trumpeting its modified charging policies and related initiatives to alter the government's approach to dealing with nonviolent drug offenders, the Justice Department itself now recognizes a distinction between people convicted of "*low-level, nonviolent* federal drug crimes" and "the *most serious criminals*" such as "high-level or violent drug traffickers," "violent criminals, career criminals, or those who used weapons when committing drug crimes." *See* Department of Justice Press Release, "Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Traffickers," March 13, 2014 (emphasis added).

In any event, that a crime is "serious" does not preclude dismissal with prejudice. *See Upton*, 921 F. Supp. 100, 105 (E.D.N.Y. 1995) (Glasser, J.) (dismissing with prejudice notwithstanding "serious" crime).

Second, as demonstrated above, the facts and circumstances that led to the speedy trial violation could likely have been avoided by the prosecution's taking measures to procuring an ends of justice exclusion. The prosecution's failure to do so militates in favor of dismissing with prejudice, rather than affording the government unjustified opportunities to re-prosecute the defendant. *See United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) (in dismissing with prejudice "the court may properly take into account a demonstrably lackadaisical attitude on the part of the government"); *Upton*, 921 F. Supp. at 103 ("[T]he defendant is not obligated to bring himself to trial. The duty rests upon the state to bring prosecutions to a speedy conclusion.").

Third, the Second Circuit views "a violation of any of the Act's time limitations as negatively impacting on the administration of the act," and as to the administration of justice, "[i]t must be remembered that a speedy trial is not only viewed as necessary to preserve the rights of defendants," but "[j]ust as significant is the protection it accords to society's interest in bringing criminals to justice promptly." *Caparella*, 716 F.2d at 981.

3

Finally, this Court should consider the very real prejudice to Mr. Barro, who has been an indicted but untried defendant now for over two years, over six months at least of which (*i.e.,* since August 2, 2013) has been non-excludable time.  During this time the mere fact of indictment has resulted in a six-month jail sentence for violating probation (for a reckless driving misdemeanor conviction), as well as immeasurable anxiety in having not only the federal criminal charges hanging over him, but as well the associated nightmare of being deported to Jamaica and thereby separated from his wife and two young children.  "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty, for whether he is free on bail or not, . . . [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family, and his friends."  *Giambrone*, 920 F.2d at 180-81 (citation omitted).

For the reasons stated, the indictment should be dismissed with prejudice.

Respectfully submitted,

/s/

Kannan Sundaram
Assistant Federal Defender
(718) 330-1203

cc:     Tiana Demas
        Assistant U.S. Attorney

4